# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA SKOWYRA<br><br>    Plaintiff<br><br>V.<br><br>FIRST UNUM LIFE INSURANCE COMPANY, UNUM GROUP, AND HEARST CORPORATION LONG TERM DISABILITY PLAN<br>    Defendants | CIVIL ACTION NO. |

## **COMPLAINT**

1. Plaintiff, Sheila Skowyra ("Ms. Skowyra"), brings this action against the Defendants, First Unum Life Insurance Company and Unum Group (together referred to as "Unum"), and Hearst Corporation Long Term Disability Plan ("Plan"), (collectively referred to as "Defendants"), for violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et. seq.* ("ERISA").

2. Ms. Skowyra is filing this action to 1) recover long-term disability ("LTD") benefits due to her under the Plan; 2) enforce the present rights existing under the Plan; 3) clarify rights under the terms of the Plan and 4) recover damages, interest, costs, and attorney's fees.

3. Ms. Skowyra challenges the Defendants': 1) unreasonable and unlawful termination of her LTD benefits despite the substantial medical and vocational evidence demonstrating her qualification for said benefits; 2) pattern of rejecting and/or ignoring the evidence

supporting Ms. Skowyra's disability in an effort to limit Defendants' financial exposure for Ms. Skowyra's claim; 3) failure to provide Ms. Skowyra with a full and fair review of her claim for LTD benefits; and 4) failure to provide a reasonable claims procedure that would yield a reasonable decision on the merits of Ms. Skowyra's LTD claim.

## PARTIES

4. Ms. Skowyra is a resident of Weymouth, Massachusetts. Ms. Skowyra is a vested participant in Defendants' employee benefit plan, within the meaning of 29 U.S.C. § 1002(2) (7). Ms. Skowyra has standing to bring this action under 29 U.S.C. § 1132(a).

5. The Defendant, First Unum Life Insurance Company, is a for-profit corporation with its principal place of business at 99 Park Avenue, New York, New York 10016. First Unum Life Insurance Company transacts business in Massachusetts and insures and underwrites the LTD plan under which Ms. Skowyra is suing. First Unum Life Insurance Company is both the party responsible for processing claims made under the Plan and making a final determination as to Ms. Skowyra's eligibility for benefits. At the time that Ms. Skowyra's benefits were terminated, First Unum Life Insurance Company funded and administered the Plan.

6. The Defendant, Unum Group, is a for-profit corporation with its principal place of business at 1 Fountain Squire, Chattanooga, Tennessee 37402. Unum Group is the parent company of First Unum Life Insurance Company. Unum Group transacts business in Massachusetts and insures and underwrites the Plan under which Ms. Skowyra is suing. As the parent of First Unum Life Insurance Company, Unum Group is also the party responsible for both processing claims made under the Plan and making a final determination as to Plan participants' eligibility for disability benefits. At the time

that Ms. Skowyra's benefits were terminated, Unum Group funded and administered the Plan through First Unum Life Insurance Company.

7. At all times, relevant to the claims asserted in this Complaint, Unum purported to act as ERISA claims fiduciaries with respect to participants of the Plan generally, and specifically with respect to Ms. Skowyra, within the meaning of ERISA.

8. The LTD plan under which Ms. Skowyra is suing is an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. §1002(1).

## STATEMENT OF FACTS

**Relevant Plan Terms**

9. As an employee of Hearst Corporation since October 2004, Ms. Skowyra was eligible for LTD coverage under a contract of insurance with Unum, Contract # 640248.

10. The Plan provision defining disability states:

    You are disabled when Unum determines that:
    -you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and
    you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.

11. Under the Plan, "material and substantial" means duties that are normally required for the performance of your regular occupation and cannot reasonably be omitted or modified.

12. Under the Plan, the term "Regular Occupation" means "the occupation you are routinely performing when your disability begins. Unum will look at your occupation as it is normally performed in the national economy, instead of how

      the work tasks are performed for a specific employer or at a specific location.

13. Neither Unum nor the Plan has any administrative processes and safeguards (as those terms are used in 29 C.F.R. §2560.503-1) in place to ensure and to verify appropriately consistent decision making.

14. Ms. Skowyra has met her burden of proving that she meets the Plan standard for disability and is therefore eligible for LTD benefits under the terms of the Plan.

15. The Plan does not confer discretion on Unum to determine eligibility for benefits or to interpret the terms of the Plan.

**Ms. Skowyra's Claim for LTD Benefits.**

16. On or about April 22, 2019, Ms. Skowyra stopped working due to the significant symptoms from her Multiple Sclerosis ("MS").

17. Ms. Skowyra was employed as the News Assignment Manager at WCVB Boston.

18. As an assignment manager she had responsibilities including, but not limited to, leading daily newsgathering effort, monitoring scanners for breaking news, coordinating, and dispatching reporters and photographers to the field, setting news coverage priorities, gathering information on news stories and develop sources and generate story ideas.

19. Ms. Skowyra returned to work in a part-time capacity working three (3) days per week commencing on July 29, 2019.

20. Ms. Skowyra was not able to increase her hours of work to more than three (3) days per week due to her MS symptoms.

21. On November 17, 2019, Ms. Skowyra had to stop working completely due to her significant MS fatigue, pain and spasticity interfering with her ability to complete her required job duties.

22. By correspondence dated March 31, 2020, Unum approved Ms. Skowyra's claim for LTD benefits with a date of disability of April 19, 2019.

23. Unum continued to certify Ms. Skowyra's inability to perform her own occupation.

24. There was no improvement in Ms. Skowyra's condition.

25. On October 13, 2020, Ms. Skowyra was examined by her neurologist, Jonathan Zurawski, MD. Dr. Zurawski noted worsening of Ms. Skowyra's MS fatigue and her need for daily naps along with spasticity of her neck, shoulders and back.

26. By correspondence dated December 9, 2020, Unum terminated Ms. Skowyra's benefits.

27. Unum asserted that Ms. Skowyra was no longer disabled and could perform her own occupation.

28. Unum's assertion that Ms. Skowyra could perform her own occupation was unreasonable and unsupported by the substantial evidence in Unum's possession.

**Ms. Skowyra's Appeal of Unum's Termination of Benefits**

29. On or about June 3, 2021, Ms. Skowyra filed an appeal of Unum's December 9, 2020, decision to terminate her benefits.

30. On June 29, 2021, Ms. Skowyra supplemented her appeal with medical records and reports from her treating physician, documenting her ongoing functional limitations due to her MS.

31. On July 15, 2021, Unum sent to Ms. Skowyra the medical review report conducted on appeal by Unum employee, Jacqueline Crawford, MD.

32. Dr. Crawford reasoned that Ms. Skowyra's MRI, "…did not reveal findings compelling for a level of gray matter injury to explain the insured's symptoms".

33. By letter dated August 11, 2021, Dr. Zurawski, Ms. Skowyra's treating physician, responded to Dr. Crawford's medical review.

34. On August 12, 2021, Ms. Skowyra submitted to Unum Dr. Zurawski's August 11, 2021 response to Dr. Crawford's review.

35. The Board of Registration in Medicine for the Commonwealth of Massachusetts has opined that a Massachusetts Full License is required to perform a disability evaluation for Massachusetts residents.

36. Dr. Crawford does not hold a medical license in the Commonwealth of Massachusetts.

37. In 2004, Unum entered into a Regulatory Settlement Agreement ("RSA") with the United States Department of Labor and insurance commissioners of various states, including Massachusetts.

38. The RSA was amended in 2005, requiring that Unum's claim procedures shall include several "ongoing objectives", including:

    Giving significant weight to an attending physician's ("AP") opinion, if the AP is properly licensed and the claimed medical condition falls within the AP's customary area of practice, unless the AP's opinion is not well supported by medically acceptable clinical or diagnostic standards and is inconsistent with other substantial evidence in the record. In order for an AP's opinion to be rejected, the claim file must include specific reasons why the opinion is not well supported by medically acceptable clinical or diagnostic standards and is inconsistent with other substantial evidence in the record.

39. Unum did not apply the claims procedures required by the RSA.

40. During the pendency of Ms. Skowyra's appeal, Unum made no effort to communicate with Ms. Skowyra's treating physician.

41. Unum did not have Dr. Crawford review Dr. Zurawski's August 11, 2021 narrative letter.

42. Unum did not have any other physician review Ms. Skowyra's August 11, 2021, narrative letter.

43. By correspondence dated August 17, 2021, Unum denied Ms. Skowyra's appeal.

44. Unum refused to engage with Ms. Skowyra in the review of her appeal.

**Summary of Defendants' Review of Ms. Skowyra's Claim.**

45. Ms. Skowyra has exhausted her administrative remedies pursuant to 29 C.F.R. § 2560.503-1(1) (2) (i)-(ii).

46. Ms. Skowyra's disability and eligibility for LTD benefits is based on the substantial medical evidence in Defendants' possession.

47. The Defendants and their paper reviewers arbitrarily dismissed Ms. Skowyra's symptoms and functional limitations when they determined that Ms. Skowyra was not disabled.

48. The Defendants failed to have Ms. Skowyra's claim assessed by a medical provider with the appropriate credentials to evaluate her eligibility for benefits as required by ERISA's implementing regulations.

49. The Defendants failed to meet the Plan requirements for review of claims that have been denied.

50. The Defendants failed to provide Ms. Skowyra with a full and fair review of her claim for LTD benefits.

51. The Defendants failed to respond to Ms. Skowyra's attempts to engage in a meaningful dialogue regarding the evaluation of her claim.

52. Any discretion which the Defendants may claim they are entitled to under the Plan is negated by their failure to provide Ms. Skowyra with a full and

fair review of her appeal.

53. Defendants failed to meet the notice requirements required by ERISA's implementing regulations. Defendants' appeal determination letter failed to articulate the basis for the decisions to deny benefits, failed to contain a full discussion of why Ms. Skowyra's claims were denied, and failed to detail the standards behind the decision.

54. Due to the unlawful termination of benefits under ERISA, Ms. Skowyra has lost her rightful LTD benefits.

55. Due to the unlawful termination of benefits under ERISA, Ms. Skowyra has also lost the use of her LTD benefits.

### FIRST CAUSE OF ACTION
### (Enforcement of Terms of Plan
### Action for Unpaid Benefits)
### (ALL DEFENDANTS)

56. Ms. Skowyra realleges each of the paragraphs above as if fully set forth herein.

57. The Plan is a contract.

58. Ms. Skowyra has performed all her obligations under the contract.

59. 29 U.S.C. § 1132(a) states that:

   (a) A civil action may be brought ---

   1. by a participant or beneficiary –

      A. for the relief provided for in subsection (c) of this section, or

      B. to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

60. The Defendants' actions constitute an unlawful denial of disability benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

61. The Defendants unlawfully terminated Ms. Skowyra's benefits in part by: (1) dismissing without explanation, the substantial evidence supporting Ms. Skowyra's claim for LTD benefits; (2) denying Ms. Skowyra a full and fair review of the decision to terminate her benefits; and (3) failing to engage with Ms. Skowyra regarding its medical determination that she was disabled through December 9, 2020, but no day thereafter.

62. In accordance with 29 U.S.C. §1132, Ms. Skowyra is entitled to LTD benefits under the Plan based upon her disabled status from December 9, 2020, through the present and continuing until she is no longer disabled.

63. The Defendants have refused to provide Ms. Skowyra with her disability benefits and are, therefore, in breach of the terms of the Plan and ERISA, which require that the Defendants engage in a full and fair review of all claims and the administration of the Plan in the best interests of the participants of the Plan.

64. As a direct and proximate result of this breach, Ms. Skowyra has lost the principal and the use of her rightful disability benefits.

**SECOND CAUSE OF ACTION**
**(Attorneys' Fees and Costs)**
**(ALL DEFENDANTS)**

65. Ms. Skowyra realleges each of the paragraphs above as if fully set forth herein.

66. Under the standards applicable to ERISA, Ms. Skowyra deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

67. Defendants have the ability to satisfy the award.

68. Ms. Skowyra's conduct of this action is in the interests of all participants who subscribe to the Plan, and the relief granted hereunder will benefit all such participants.

69. The Defendants have acted in bad faith in terminating Ms. Skowyra's disability benefits under the Plan.

70. The award of attorney's fees against the Defendants will deter others acting under similar circumstances.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that the Court:

(1) Declare, adjudge and decree that Ms. Skowyra is entitled to disability benefits as calculated under the terms of the Plan;

(2) Award Ms. Skowyra disability benefits and interest from the date of the Defendants' breach of contract;

(3) Order that the Defendants make restitution to Ms. Skowyra in the amount of all losses sustained by Ms. Skowyra as a result of the wrongful conduct alleged herein, together with prejudgment interest;

(4) Award Ms. Skowyra the costs of this action and reasonable attorneys' fees; and

(5) Award such other relief as the court deems just and reasonable.

Dated: October 8, 2021                                  Respectfully submitted for the Plaintiff,

                                                                               By: /s/ M. Katherine Sullivan
M. Katherine Sullivan
BBO No. 649239
LAW OFFICE OF KATHERINE SULLIVAN, LLC
945 Concord Street
Framingham, MA 01701

P: (508) 620-5387
F: (508) 834-1172
E: kate@sullivandisabilitylaw.com